# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2022

Lyle W. Cayce
Clerk

No. 22-60071
Summary Calendar

Jose Amado Medrano-Hernandez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 468 358

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Jose Amado Medrano-Hernandez, a native and citizen of El Salvador, timely petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming an order of the Immigration Judge denying his application for asylum and withholding of removal.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60071

Medrano-Hernandez fails to present an argument addressing the BIA's conclusion that he showed no nexus between the alleged persecution and his asserted particular social group (PSG) or political opinion. Medrano-Hernandez has thus forfeited any challenge to this holding. *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). And because lack of nexus is determinative of Medrano-Hernandez's claims for asylum and withholding of removal, *Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018), he necessarily fails to prove that the evidence compels a conclusion contrary to the BIA's regarding his eligibility for asylum and withholding. Accordingly, we need not consider his arguments concerning persecution and his asserted PSG. *See id.*; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Medrano-Hernandez's request to remand for consideration of his claims concerning relocation and his additional PSG is likewise foreclosed by his forfeiture of the dispositive nexus issue.

Finally, to the extent Medrano-Hernandez challenges the authority of a Temporary Appellate Immigration Judge to adjudicate his case, we lack jurisdiction to consider this unexhausted claim. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022); 8 U.S.C. § 1252(d)(1).

The petition is DISMISSED in part and DENIED in part, and the request for remand is DENIED.